Dear District Attorney, John David Luton,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Title 38 O.S. Supp. 2000, § 18(B)(1) says, "the list shallbe used exclusively for jury selection purposes. The court clerkshall not copy or permit any person to copy the list or anyportion thereof[.]" May a court clerk provide a member of thepublic with a list of a general panel jury (persons who have beensummoned for jury duty) without violating the restrictions?
¶ 1 In Title 38, Oklahoma has provided two methods for the selection of juries in its county courts: the wheel method and the electronic method.
¶ 2 Under the wheel method statutes,[1] originating in 1949, the court clerk, or one of the court clerk's deputies, shall meet once a year with the sheriff, or one of the sheriff's deputies, to select an annual master list of potential jurors.38 O.S. Supp. 2000, § 18[38-18](A). The list is chosen from available names of eligible persons on a Department of Public Safety (DPS) list. 38 O.S. Supp. 2000, § 18[38-18](B)(1). This list contains names of persons who are eighteen years old or older and who hold a current driver's license or another DPS identification license.Id. The names are written on cards and placed into a circular hollow drum which could rotate on its axis to mix the cards. 38O.S. 1991, § 19[38-19]. When county courts need jurors, the judges shall order jurors (a general panel)[2] to be drawn from the drum wheel to be selected for any particular two week periods. Id. § 20.
¶ 3 The selection of the general panel (drawn from the annual master list on cards in the drum) is a process cloaked in confidentiality. The wheel is double-locked when not in use. 38O.S. 1991 § 19[38-19]. The officers who attend the drawing are prohibited from divulging the name of any person drawn as a juror to anyone. 38 O.S. 1991, § 21[38-21]. Upon drawing a general panel list from the wheel, the cards are placed in certified sealed envelopes. 38 O.S. 1991, § 24[38-24]. When the judge delivers the list of jurors to the court clerk, he or she administers an oath to the custodians to ensure they do not open the envelopes or divulge the names inside to anyone. 38 O.S. 1991, § 25[38-25]. The court clerk summons the jurors and then files an affidavit with the court. 38 O.S. 1991, § 23[38-23]. After the jurors have been summoned and impaneled for one week, the clerk opens the envelope with the cards bearing the names of the jurors for that week, and returns to the wheel the cards with names of persons who are not impaneled to observe a trial. 38 O.S. Supp. 2000 § 26[38-26].
¶ 4 In 1973, the Legislature added an alternative to the wheel method, a plan for jury selection using the mechanical or electronic means at 38 O.S. 1991, § 18.1[38-18.1]:
 A. In lieu of any other procedure now provided by law, the judge in charge of court administration in the county may, by order, adopt a plan for the selection of qualified jurors for jury service with the aid of mechanical or electronic means and implement such plan upon its approval by the Supreme Court.
 B. Any such plan so adopted shall conform to the following requirements:
 1. A complete plan shall be proposed in writing and submitted for approval by the Supreme Court.
 2. It shall provide a fair, impartial and objective method of selecting persons for jury service with the aid of mechanical or electronic equipment.
 3. It shall designate the court clerk as the official to be in charge of the selection process and shall define his duties.
 4. It shall specify that a true and complete written list showing the names and addresses of the persons summoned to begin jury service on a particular date shall be filed of record with the court clerk at least ten (10) days prior to the date such persons are to begin jury service.
 C. In any county where such a plan is adopted, as provided in this section, the laws relating to the selection of petit jurors by use of a jury wheel shall not apply.
Id. (emphasis added).
¶ 5 This office conferred with the Administrative Director of the Oklahoma Supreme Court about the status of the counties in Oklahoma and their jury selection methods. The Administrative Director of the Court confirmed that all seventy-seven counties in Oklahoma participate in the electronic method of jury selection. All county court clerks receive computer-generated random lists of potential jurors when they contact the Administrative Office of Courts for a new list for general panels. To the extent that counties also utilize the wheel in jury selection, it is legally superfluous. The statutes governing the wheel method for selection of jurors are effectively dormant in Oklahoma's courts.
¶ 6 You ask whether the prohibitions in 38 O.S. Supp. 2000, §18[38-18](B)(1) operate to prevent the court clerk from providing a copy of the general panel jury list of persons summoned for a two-week period of jury service to a member of the public. Section 18(B)(1) refers only to the annual master list drawn up by the court clerk and the sheriff. Essentially, Section 18(B)(1) is irrelevant to whether a member of the public can obtain the smaller "general panel" jury lists. It applies only to the wheel method of jury selection. Thus, Section 18(B)(1) does not prevent the court clerk from providing anyone with a general panel jury list.
¶ 7 Under the electronic method, the list of general panel jurors is filed of record with the court clerk ten days prior to such persons reporting for jury duty. 38 O.S. 1991, §18.1[38-18.1](B)(4). The electronic method statute explicitly states that the law relating to the selection of petit jurors by use of a jury wheel shall not apply. Id. § 18.1(C). We read this as a removal of the confidentiality over general panel lists which had been in effect under the wheel method. There is no other provision in the electronic method statute itself which imposes confidentiality in the names of persons on the general panel jury list. See id. § 18.1. There is no general privilege of confidentiality for documents on file in an office of a court clerk.
 Once such records [criminal pleadings] are filed with a court clerk, where no privilege of confidentiality exists, such records must ordinarily be made available for public inspection and copying at the office of the court clerk.
A.G. Opin. 99-58 at 283.
¶ 8 Filing a list of a general panel for jury selection with a court clerk is no different from filing criminal pleadings with the court clerk in terms of openness of records. Under the Oklahoma Open Records Act, 51 O.S. 1991 Supp. 2000, §§24A.1-24A.24, none of the exempted categories of records would include a list of general panel jurors on file with the court clerk.[3] Thus, the statutory requirement that the list of summoned jurors shall be filed of record with the court clerk makes such lists available to the public. 38 O.S. 1991, §18.1[38-18.1](B)(4). In fact, when the list is filed with the court clerk ten days prior to the scheduled jury service, the court clerk should make the list available to any member of the public upon request, unless some other provision of law prohibits such disclosure. We have found no other provision of law which would prohibit the disclosure of general panel jury lists filed with the court clerk.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A court clerk may provide a member of the public with a listof a general panel jury (persons who have been summoned for juryduty) without violating the restrictions in 38 O.S. Supp. 2000,§ 18(B)(1). The restrictions only apply to the annual masterlist of jurors, drawn up by counties under the old wheel methodof jury selection. All counties in Oklahoma are now using theelectronic jury selection method under Section 18.1. Under theelectronic method, when the names of general panel jurors arefiled of record with the court clerk they become open andavailable to the public under the Oklahoma Open Records Act, 51O.S. 1991 Supp. 2000, §§ 24A.1-24A.24.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
ALICIA CONNOLLY-LOHR ASSISTANT ATTORNEY GENERAL
[1] These include 38 O.S. Supp. 2000, §§ 18[38-18], 26; 38 O.S.1991, §§ 19-20, 21-25, 27.
[2] The term "general panel" refers to the list of potential jurors whose names have been drawn to be summoned for a two-week term of jury duty. 38 O.S. 1991, § 20[38-20].
[3] Exempt Open Records Act categories under Title 51 include: certain personnel records and home addresses of employees and former employees (§ 24A.7); certain law enforcement records (§ 24A.8); personal notes of a public official prior to taking action (§ 24A.9); bidding documents (§ 24A.10); market research by the Oklahoma Medical Center (§ 24A.10a); items donated by private persons to museums (§ 24A.11); attorney litigation or investigatory files (§ 24A.12); certain federal records (§ 24A.13); personal communications relating to the exercise of constitutional rights (§ 24A.14); crop and livestock reports (§ 24A.15); education records (§ 24A.16); research records (§ 24A.19); public utilities records filed with the Corporation Commission (§ 24A.22); hunting and fishing licensing information (§ 24A.23); investigatory records of the Office of Juvenile Oversight (§ 24A.24).